UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ALIL A. AZIZI,

      Petitioner,

      v.                                    Case No. 16-C-1109

JUDY SMITH,

      Respondent.

ORDER GRANTING MOTION TO DISMISS, DISMISSING CASE,
AND DENYING CERTIFICATE OF APPEALABILITY

On August 18, 2016, Alil Azizi filed a petition under 28 U.S.C. § 2254 asserting that his state-court conviction and sentence were imposed in violation of the Constitution. Azizi was convicted in Milwaukee County Circuit Court of one count of first-degree sexual assault of a child and two counts of second-degree sexual assault of a child. He was sentenced to thirty years of imprisonment and is incarcerated at Oshkosh Correctional Institution.

The court ordered Judy Smith to respond to the petition, and she did so respond with a motion to dismiss based on untimeliness. Azizi was directed to file any brief in opposition to the motion by March 14, 2017. However, Azizi filed no opposition, and appears to concede the motion's merits.

With some exceptions not applicable here, a habeas petitioner must file his federal habeas case within one year of the date on which his judgment became final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1). However, time is tolled while a properly filed postconviction motion is pending in state court. § 2244(d)(2).

On April 16, 1996, the Supreme Court of Wisconsin denied Azizi's petition for review of his direct appeal. Azizi then had ninety days, until July 15, 1996, within which to file a petition for writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13. Azizi did not file a petition for a writ of certiorari. Hence, the clock began ticking on or about July 16, 1996. He had through July 15, 1997 (unless he had some tolled time) to file his federal habeas petition.

Azizi has established no tolled time within that year. Smith's records show that in 2006 Azizi filed a postconviction motion under Wis. Stat. § 974.06; Azizi's unsuccessful appeal concluded in 2007. Then, as Azizi's petition indicates, in October 2015 he filed a petition under *State v. Knight*, 168 Wis. 2d 509 (1992), in the Wisconsin Court of Appeals. That court denied the *Knight* petition, and the Supreme Court of Wisconsin denied review in February 2016.

Azizi filed the petition in this case within one year of the final decision on the *Knight* petition. But neither that proceeding nor the § 974.06 proceeding in 2006 could revive or restart the already-expired limitations period for his federal habeas case. Nor could those state-court proceedings toll time for a limitations period that had already expired. *See De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009) (stating that a "state court's later refusal to upset a conviction does not open a new window for federal collateral review"). "[A] state proceeding that does not begin until the federal year has expired is irrelevant." *Id.* at 943.

The one-year statute of limitations period for filing a § 2254 petition is subject to equitable tolling, but to qualify for such equitable tolling a petitioner must have been diligent and prevented from timely filing by extraordinary circumstances. *Holland v. Florida*, 560 U.S.

631, 634, 645, 649 (2010). The petitioner bears the burden of establishing any basis for equitable tolling. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). With due regard for the extraordinary circumstances required to justify equitable tolling, Azizi has not, and it is apparent that he cannot, proffer any sufficient reason for claiming nineteen years of equitable tolling. He let the one-year time period for a federal habeas case expire with no action at all, waited ten years to file his § 974.06 motion, and then waited another nine years to file his *Knight* petition.

In sum, Azizi filed this case almost two decades too late. Therefore, the case must be dismissed.

An unsuccessful habeas petitioner has no right to appeal the denial of his petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 335 (2003). Before a habeas petitioner may take an appeal to the Seventh Circuit, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El*, 537 U.S. at 335-36. A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court has rejected a petitioner's claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims,

a certificate of appealability should only issue when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In Azizi's case, reasonable jurists would *not* find the ruling in this case to be debatable or worthy of further encouragement. Azizi missed the statute-of-limitations deadline by over *nineteen years*, his postconviction proceedings clearly occurred after the filing deadline here had passed so no time was tolled, and Azizi has shown no diligence or extraordinary circumstances justifying equitable tolling. Therefore,

IT IS ORDERED that the motion to dismiss (Doc. 16) is granted and this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. DISTRICT JUDGE